509 So.2d 90 (1987)
In re SEA SHELL, INC.
No. 86 CA 0475.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Joseph A. Koury, Koury & Koury, Lafayette, for appellant.
R. Gray Sexton, Peter G. Wright, Maris E. LeBlanc, Bd. of Ethics for Elected Officials, Baton Rouge, for appellee.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
Sea Shell, Inc., appeals a decision of the Board of Ethics holding that it violated the Code of Governmental Ethics and ordering it to cease and desist from bidding on or entering contracts with the Parish so long as the situation which results in the violation continues. We affirm.
From February 1981 to December 1985, during Francis Romero's tenure as an Iberia Parish Police Juror, Sea Shell, Inc., a closely held family corporation solely owned by Mr. Romero's children, Craig, Lynn, Cindy, Ross, and Pamela, bid on and entered into contracts to supply shell to Iberia Parish. Mr. Romero was Parish President from January to September 1984, and Craig Romero succeeded his father as Parish President in October 1984. It was not until May 1985 that Craig Romero gave up his ownership interest in the corporation, then leaving Sea Shell, Inc., wholly owned by his four siblings.
The Ethics Board charged Sea Shell with violation of the following: "No public servant,... or member of such a public servant's immediate family, or legal entity in which he has a controlling interest shall bid on or enter into any contract, subcontract, or other transaction that is under the supervision or jurisdiction of the agency of such public servant." LSA-R.S. 42:1113(A).[*] Controlling interest is statutorily defined as "ownership by an individual or his spouse, either individually or collectively, of an interest which exceeds twenty-five percent of any legal entity." LSA-R.S. 42:1102(8).
Appellant argues that it is exempt from the rule of section 1113 by virtue of an exception found in section 1123. The Supreme Court recently rejected this argument in In re Beychok, 495 So.2d 1278, 1282 (La.1986). Section 1123 allows a corporation partially owned or controlled by a public servant to do business with his agency so long as the business was the result of the corporation having made the lowest sealed competitive bid and the bid having been accepted without any participation or assistance in the procurement of the acceptance by the public servant, "except as otherwise specifically prohibited by R.S. 42:1113." LSA-R.S. 42:1123(4) (emphasis supplied). Thus by its very terms this provision negates appellant's claim that it creates an exception to the rule of section 1113.
Appellant's contention that the Ethics Board's ruling prohibiting Sea Shell from bidding on parish jobs is in direct conflict with LSA-R.S. 38:2212, which requires that all public work be let by contract to the *91 lowest responsible bidder, begs the question. If the Ethics Code prohibits Sea Shell from even bidding, then it cannot be the lowest bidder.
Although the facts are not in dispute, appellant argues that it was never in violation of section 1113. Section 1113 forbids a public servant, a member of his immediate family, or a legal entity in which he has a controlling interest from bidding on or entering contracts with the public servant's agency. While Francis Romero was a member of the Police Jury, neither he nor a member of his family personally did business with the Parish. Nevertheless a corporation solely owned by members of Mr. Romero's immediate family did do business with the Parish. The question is whether a corporation solely owned by members of a public servant's immediate family can do what no one of them personally could do.
Our Supreme Court has already answered this question in the negative. In Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752 (La.1983), a corporation solely owned by a member of the State Mineral Board sold steel products to State Mineral lessees. All parties agreed that the Ethics Code clearly prohibited a situation in which the board member personally sold products to State Mineral lessees, see LSA-R.S. 42:1111(C)(2)(d), but Mr. Glazer argued that the Ethics Code did not prohibit his solely owned corporation from doing business with State Mineral lessees. After a lengthy discussion of the purposes and limitations of corporate identity, the court concluded that as a rule a corporation will be looked on as a separate legal entity, but when the corporate form is used to "`defeat public convenience, justify wrong, protect fraud or defend crime,'" it will be disregarded. Id. at 758 (citations omitted).
Emphasizing that the privilege of separate corporate identity is not unlimited, the court refused to allow Mr. Glazer to use his wholly owned corporation to do what the Code of Ethics expressly prohibited him from doing. Pointing out, however, that circumstances might result in recognition of corporate identity for some purposes and yet not for others, the court left intact the corporation's separate identity for other purposes. Furthermore the court specifically limited the Glazer decision to its particular facts, stating that each situation must be examined on its own facts.
Using the criteria set forth in Glazer, we conclude that we must likewise disregard Sea Shell's corporate identity for purposes of this ethics violation charge. The purpose of the Code of Ethics is to prevent public officers and employees from becoming involved in conflicts of interest. It is not merely wrongdoing, but even the potential therefor, that the Code seeks to avoid. Id. at 756. The prohibited conflict of interest in the instant case is that of immediate family members doing business with a public service agency. The danger is that there may be undue influence contrary to the public interest. Actual corruption is not necessary to create an ethics violation. The Ethics Board specifically noted that it had found no actual corruption and consequently did not impose a penalty on appellant.
Having concluded that we must disregard the corporate entity, we need not address appellant's arguments relating to percentages of ownership of the corporation. For the foregoing reasons the decision of the Ethics Board is affirmed at appellant's costs.
AFFIRMED.
NOTES
[*] The Board also charged Craig Romero with the same violation, but later dropped the charge.