SAVOIE, Judge.
This case concerns a review of an advisory opinion rendered by the Commission on Ethics for Public Employees (hereinafter Commission).
On October 22, 1986, the St. John the Baptist Parish School Board sent a letter to the Commission which requested an advisory opinion as to the legality of accepting a bid for and awarding a particular contract. Joseph P. Thiac, III, Director of Purchasing for the School Board, was the author of the letter. He set forth the following facts: a State Fire Marshall inspector rejected a gas tank used by the School Board to fuel school buses; Mr. Thiac discussed this with the Superintendent of the School Board; the Superintendent advised Mr. Thi-ac to proceed in securing a new tank to replace the rejected tank as well as an additional tank to fuel the diesel school buses; as Director of Purchasing for the School Board, Mr. Thiac prepared specifications, advertised, and opened sealed bids for the two tanks; the Superintendent and executive secretary to the Superintendent did not participate in these actions.
Mr. Thiac continued to explain: The School Board received two sealed bids; one bid was submitted by LeBlanc and Theriot of Metairie, and the other bid by Multi-Ser-vices of LaPlace “owned 100% by Mr. Le-Roy R. Gravois, husband of Patricia Gra-vois, the Superintendent’s executive secretary”; Multi-Services was the low bidder by $13,000.00; on Mr. Thiac's recommendation, the low bid was accepted by the School Board; the Superintendent and his secretary had no input in this transaction; the only involvement of the Superintendent and his secretary in the finalization of this contract would be that the Superintendent would sign the contract and that Patricia Gravois would type the Board minutes.
Mr. Thiac requested an opinion as to any illegalities in accepting the low bid so that the School Board could either finalize its present bid from Mr. Gravois or take alternative action.
In an opinion rendered on November 12, 1986, the Commission stated that LSA-R.S. 42:1113 A would prohibit Mr. Gravois from entering into a contract with the School Board. The Commission also cited In re *425 Beychok, 495 So.2d 1278 (La.1986) as further support for its opinion.
The procedural history of this matter is somewhat lengthy. Mr. Gravois sought writs on the Commission’s advisory opinion. On January 5, 1987, this court granted the writ and simultaneously issued a peremptory decision reversing the Commission’s decision, thus allowing the award of the contract to Mr. Gravois.[1] The Commission applied for rehearing on the writ, and this court denied the application on the basis that we do not entertain applications for rehearings on writ applications. The Commission then applied to the supreme court to review this court’s action; on March 20, 1987, the supreme court granted the writ application and remanded the matter to this court, instructing us to consider the Commission’s application for rehearing, 503 So.2d 1005. On April 9, 1987, we denied the application for rehearing, finding our original writ action to be correct. The Commission again sought writs from the supreme court. On June 12, 1987, the supreme court granted the writ 508 So.2d 56, with the following order:
“The judgment of the Court of Appeal is set aside and the case is remanded for briefing, argument and opinion. See In re Beychok, 495 So.2d 1278, La.1986); La.R.S. 42:1102 (18) (d) and (19); 42:1113, 1123 (4).”
The Commission seeks to have our original order of January 5, 1987, set aside, and to have its advisory opinion affirmed. The Commission contends that LSA-R.S. 42:1113 and the Beychok case preclude Mr. Gravois from entering into the contract with the School Board. Mr. Gravois argues that Beychok is distinguishable and that under LSA-R.S. 42:1123(4), he is able to enter into the contract. Both the Commission and Mr. Gravois agree that only one issue is before the court: whether the Ethics Code prohibits the School Board from accepting a bid and awarding a contract for the installation of two fuel storage tanks to the lowest sealed bidder, where the lowest bidder is the company belonging to the spouse of the School Board Superintendent’s executive secretary.
LSA-R.S. 42:1113 reads as follows:
§ 1113. Prohibited contractual arrangements
A. No public servant, excluding any legislator and any appointed member of any board or commission and any member of a governing authority of a parish with a population of ten thousand or less, or member of such a public servant’s immediate family, or legal entity in which he has a controlling interest shall bid on or enter into any contract, subcontract, or other transaction that is under the supervision or jurisdiction of the agency of such public servant.
B. Other than a legislator, no appointed member of any board or commission, member of his immediate family, or legal entity in which he has an economic interest shall bid on or enter into or be in any way interested in any contract, subcontract, or other transaction which is under the supervision or jurisdiction of the agency of such appointed member.
C. No legislator, member of his immediate family, or legal entity in which he has a controlling interest shall bid on or enter into or be in any way interested in any contract, subcontract, or other transaction involving the legislator’s agency.
We must look to the statutory definitions of several words in LSA-R.S. 42:1113 in order to determine if it is applicable to Mr. Gravois’ contract. It is not disputed that Patricia Gravois is a public servant. LSA-R.S. 42:1102(19), 42:1102(18)(d); 42:1113 A. Under LSA-R.S. 42:1113 A, not only is a public servant precluded from entering into *426 certain contracts, but members of the public servant’s immediate family and legal entities in which the public servant has a controlling interest also may not enter into these contracts. “Immediate family” includes a spouse such as Mr. Gravois. LSA-R.S. 42:1102(13). “Controlling interest” is “ownership by an individual or his spouse, either individually or collectively, of an interest which exceeds twenty-five percent of any legal entity.” LSA-R.S. 42:1102(8). Whether Mr. Gravois was bidding on behalf of the corporation Multi-Services or whether he was bidding on his own behalf under the name of Multi-Ser-vices is of no import, since LSA-R.S. 42:1113 bars the transaction either under the definition of “immediate family” or of “controlling interest.”
Based on our interpretation of LSA-R.S. 42:1113 A, Mr. Gravois is prohibited from entering into a contract “that is under the supervision or jurisdiction of the agency of such public servant [Patricia Gravois].” “Agency” is defined by LSA-R.S. 42:1102(2) which states in pertinent part:
(2) ‘Agency’ means a department, office, division, agency, commission, board, committee, or other organizational unit of a governmental entity. For purposes of this Chapter, ‘agency of the public servant’ and ‘his agency’ when used in reference to the agency of a public servant shall mean:
(f) For public servants of political subdivisions, it shall mean the agency in which the public servant serves, except that for members of any governing authority and for the elected or appointed chief executive of a governmental entity, it shall mean the governmental entity. Public servants of political subdivisions shall include, but shall not be limited to, elected officials and public employees of municipalities, parishes, and other political subdivisions; sheriffs and their employees; district attorneys and their employees; coroners and their employees; and clerks of court and their employees.
Mr. Gravois contends that Patricia Gra-vois’ agency is the Superintendent, and not the School Board as the Commission contends. The Commission in brief further argues that even if the agency of Patsy Gravois is the Superintendent, the Superintendent is still the agency exercising supervision and jurisdiction over the contract. After reviewing the statements in the School Board’s letter to the Commission, we must agree with the Commission in its contention that Ms. Gravois’ agency is the School Board, or that alternatively, if her agency is the Superintendent, that the Superintendent exercises jurisdiction or supervision over the contract. From the letter, both the School Board and the Superintendent were involved in the contract: the Superintendent advised Mr. Thiac to secure two new fuel tanks; the Superintendent was to sign the contract; the School Board prepared specifications, advertised, opened sealed bids, and accepted the lowest bid.
For these reasons, we find that Mr. Gra-vois was precluded by LSA-R.S. 42:1113 A from bidding on and entering into a contract with the School Board.
Mr. Gravois contends that LSA-R.S. 42:1123(4) is an exception to the statutory prohibition of LSA-R.S. 42:1113 A. According to LSA-R.S. 42:1123(4):
This Part shall not preclude:
(4) Sharing in any compensation received from the governmental entity by a person of which such public servant owns or controls any portion thereof, provided such compensation was received by such person as a result of having made the lowest sealed competitive bid on a contract or subcontract and having had such bid accepted by the governmental entity or the general contractor, and provided such public servant did not participate or assist in the procurement of the acceptance of such low bid, except as otherwise specifically prohibited by R.S. 42:1113.
The interpretation of LSA-R.S. 42:1113 and 42:1123(4) has been the subject of recent jurisprudence In re Beychok, 495 So.2d at 1278; In re Sea Shell, Inc., 509 So.2d 90 (La.App. 1st Cir.1987).[2] In Bey- *427 chok, the supreme court found that Sheldon Beychok, a member of the Board of Supervisors of Louisiana State University, violated the ethics code when a competitive sealed bid for a contract with L.S.U. was submitted by Wolf Baking Company, Inc., of which Beychok was president, chief executive officer, and a majority stockholder. While Beychok argued that LSA-R.S. 42:1123(4) establishes an exception to LSA-R.S. 42:1113 B, the supreme court rejected this contention. The supreme court stated: “And 1123(4) provides that the code ‘shall not preclude,’ except for board members, sharing proceeds from sealed bid contracts. Board members cannot share in contracts with their boards, even if the contract was obtained because it was the ‘lowest sealed competitive bid.’ R.S. 42:1113, R.S. 42:1123(4).” Beychok, 495 So.2d at 1282. Thus, although all the requirements of LSA-R.S. 42:1123(4) are met — the person awarded the contract made the lowest sealed bid on the contract, this bid was accepted by the governmental entity, and the public servant did not participate in the procurement or acceptance of the low bid— where the contract is “specifically prohibited by R.S. 42:1113” the exception of LSA-R.S. 42:1123(4) is not applicable.
Mr. Gravois attempts to distinguish Bey-chok on the basis that the supreme court refused to apply the sealed competitive bid exception set forth in LSA-R.S. 42:1123(4) to a Board member who also strongly controlled the bidding corporation. In other words, because Patricia Gravois holds a relatively minor position as secretary in comparison to the position of Sheldon Bey-chok on the Board of Supervisors, and because the company seeking the contract is solely owned by her husband, as distinguished from Beychok’s position with Wolf Baking, the exception of LSA-R.S. 42:1123(4) should apply. Mr. Gravois further contends that because of the circumstances in this case, in comparison to the facts in Beychok, there is less danger of an appearance of impropriety.
We must reject this argument. As was explained by Justice Cole in his dissenting opinion in Beychok:
While the majority opinion confines itself to the language of 1113B, the reasoning would clearly require the last clause of 42:1123 to incorporate the remaining contractual prohibitions of 1113A and C. If 1123 is judicially amended in this manner there is no need to have 42:1123 in the Code, because the prohibitions of 42:1113 would always override the exception enumerated in 42:1123.
******
R.S. 42:1123 was not written especially to outlaw bidding for board members. It was written for all public servants. The majority’s interpretation of 1123(4)’s exception clause would render all of 1123 moot. Beychok, 495 So.2d at 1284 (Justice Cole, dissenting).
We should note that we agree with the reasoning of Justice Cole in his dissenting opinion to Beychok, wherein he stated, “the legislature must have intended to discourage a public servant from participating in bids involving his agency unless his business obtained the lowest sealed competitive bid as explained in 1123(4).” We feel that the legislature intended the LSA-R.S. exception of 42:1123(4) to apply to the situation at bar: Mr. Gravois competitively bid on a contract with an agency where Mrs. Gravois held a relatively minor position in the agency; Mrs. Gravois did not participate in the procurement or acceptance of the bid; and Mrs. Gravois’ only ownership interest in the bidding company was that of her husband. In this situation, we feel there was no actual conflict of interest nor any appearance of impropriety; furthermore, the public would have benefited by the award of the contract to Mr. Gravois in terms of saving $13,000.00 on necessary work. However, we are constrained to follow the majority’s reasoning in the Bey-chok case, which basically eviscerates the exceptions to contracts prohibited by LSA-R.S. 42:1113. Furthermore, this court earlier applied the Beychok rationale in the *428 Sea Shell case. In Sea Shell, a corporation (Sea Shell) solely owned by the siblings of the Parish President was awarded contracts to supply shells to the Parish as the lowest sealed bidder. The Ethics Commission found that this was a violation of LSA-R.S. 42:1113 A. Relying on Beychok, this court rejected Sea Shell’s argument that it was exempt from LSA-R.S. 42:1113 A due to LSA-R.S. 42:1123(4), and affirmed the ruling of the Ethics Commission.
For the above reasons, we must affirm the opinion of the Commission. The contract between Mr. Gravois and the School Board is prohibited under LSA-R.S. 42:1113 A; based on the supreme court’s interpretation in Beychok, the exception set forth in LSA-R.S. 42:1123(4) does not apply. We set aside our original order and affirm the advisory opinion of the Commission. Costs to be paid by Mr. Gravois.
WRIT ORDER SET ASIDE AND OPINION OF ETHICS COMMISSION AFFIRMED.

. The advisory opinion of the Commission is reviewable by this court under LSA-R.S. 42:1142 A. LSA-R.S. 42:1142 states in pertinent part: "Any preliminary, procedural, or intermediate action or ruling by an ethics body is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the constitution." An advisory opinion by the Commission is a preliminary or intermediate action or ruling by an ethics body within the meaning of LSA-R.S. 42:1142. Board of Commissioners v. Commission on Ethics, 484 So.2d 845 (La.App. 1st Cir.), writ denied, 487 So.2d 440 (La.1986).

. We are cognizant of the case In re Schneckenburger, 509 So.2d 790 (La.App. 1st Cir.1987), but *427 find it factually distinguishable from the case before us.